IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK L. KING, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-2758 |
| | : | |
| WARDEN QUIGLEY, *et al.*, | : | |
| Defendants. | : | |

FILED
AUG 24 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

**MEMORANDUM**

JONES, J.                                                                                                             AUGUST 24, 2018

*Pro se* Plaintiff Derrick L. King, a pretrial detainee currently incarcerated in the Berks County Jail System,[1] filed this civil action pursuant to 42 U.S.C. § 1983 against Warden Quigley, Chief Deputy Warden Smith, Sgt. Tossone, and Captain Castro. (ECF No. 2.) He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) On July 5, 2018, the Court received an Amended Complaint (ECF No. 4) and second Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 5) from King. By Order entered on July 6, 2018, the Court denied King's Motions for Leave to Proceed *In Forma Pauperis* without prejudice because he had failed to submit a certified copy of his prisoner account statement. (ECF No. 6.) On August 13, 2018, the Court received a renewed Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 8) and Prisoner Trust Fund Account Statement (ECF No. 9) from King. For the following reasons, the Court will grant King leave to proceed *in forma pauperis* and dismiss his Complaint and Amended Complaint with leave to amend.

---

[1] Public dockets reflect that King is awaiting trial on drug and firearms charges. *See Commonwealth v. King*, Docket No. CP-06-CR-0004202-2017 (Berks Cty. Common Pleas).

## I. FACTS

In his Complaint, King states that on May 13, 2018, he received his breakfast tray and noticed "a black big bug was crawling inside [his] fruits." (Compl. at 4.)[2] He informed several officers, and they took pictures of the tray and gave King a replacement tray. (*Id.*) On May 21, 2018, King again found bugs inside his breakfast. (*Id.*) Exhibits attached to the Complaint show that King submitted grievances about these events on May 13 and 24, 2018. (*Id.* at 11-12.) Captain Castro responded, noting that King had received a replacement tray on both occasions and that he would send copies of the grievances to the kitchen supervisor for review. (*Id.*) King alleges that Sgt. Tossone "is the one who send[s] down the jail food meals," and that Warden Quigley and Chief Deputy Warden Smith are the ones who are in charge of "mak[ing] sure things run right inside the prison." (*Id.* at 5.) As relief, King asks for $60,000.00 in damages and for the staff to "stop feeding us inmates cold . . . meal bag[s] in the hole." (*Id.* at 7.)

In his Amended Complaint, King alleges that since August 23, 2017, he has "been truly forced to eat in [his] cell where there's a toilet containing the smell of stool and sewer water." (Am. Compl. at 3.) He also asserts that the drinking water at the Berks County Jail System is treated with chlorine, which is causing him to experience stomach pains, headaches, dizziness, dry mouth, and to develop white spots on his skin from showering. (*Id.*) King contends that Warden Quigley and Deputy Warden Smith "ha[ve] the power to stop this." (*Id.*) As relief, he asks for $250,000.00 and for an Order directing staff to "open back up the kitchen here and stop feeding us in our cells and us[]ing this poison to treat our drinking water." (*Id.* at 5.)

---

[2] The Court uses the pagination assigned to the Complaint and Amended Complaint by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court will grant King leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[3] Accordingly, King's Complaint and Amended Complaint are subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint and Amended Complaint if they fail to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As King is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, the Complaint and Amended Complaint fail to state a claim for relief at this time.

### A. Claims Against Warden Quigley and Chief Deputy Warden Smith

King has not stated a claim against Warden Quigley or Chief Deputy Warden Smith. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

---

[3] However, because King is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Here, King named the Warden and Chief Deputy Warden because they are "in charge of the prison" and can "make sure things run right inside the prison." (Compl. at 5.) He also asserts that they "ha[ve] the power to stop this." (Am. Compl. at 3.) These generalized, speculative allegations are insufficient for imposing liability against the Warden and Deputy Warden, especially in light of the various conditions King challenges in his Complaint and Amended Complaint.

### B. Claims Regarding Bugs in Food

King first takes issue with finding bugs in his breakfast on two separate occasions. While the Court realizes that finding bugs in food would be uncomfortable, the contamination or deprivation of one or two meals is not an objectively serious deprivation that amounts to a constitutional violation. *See Duran v. Merline*, 923 F. Supp. 2d 702, 720 (D.N.J. 2013) ("[I]solated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional."); *cf. Rodriguez v. Nichols*, 521 F. App'x 47, 48 (3d Cir. 2013) (per curiam)

4

(holding that a "one-time adulteration" of inmate's food with rodent body parts did not equate to an Eighth Amendment violation). Furthermore, King does not allege that he suffered any injury as a result of these incidents, particularly because his Complaint and the exhibits establish that he received replacement trays on both occasions.

Moreover, it appears that King seeks to hold Captain Castro liable based upon his involvement in the review of King's grievances. However, "[t]he failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Gordon v. Vaughn*, No. Civ. A. 99-1511, 1999 WL 305240, at *2 (E.D. Pa. May 12, 1999); *see also Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (per curiam) (concluding that dismissal of claims against defendants regarding "their involvement in the post-incident grievance process" was proper). Accordingly, King cannot maintain a claim against Captain Castro based on his involvement in the grievance process.

### C. Claims Regarding Eating in Cell with a Toilet

King also takes issue with the fact that inmates must eat inside their cells, which contain toilets. Courts have held that the practice of requiring inmates to eat in a cell containing a toilet does not violate the Constitution.[4] *See Detainees of Brooklyn House of Det. for Men v. Malcolm*,

---

[4] Many of the cases addressing this practice concern the Eighth Amendment, which applies to convicted prisoners. *See Herb v. Dauphin Cty. Prison*, Civ. A. No. 12-1402, 2012 WL 3062225, at *2 (M.D. Pa. July 26, 2012) ("Albeit distasteful, being required to eat in his cell under such conditions [i.e., where a foul ammonia odor from the toilet caused plaintiff's eyes to burn] does not amount to an Eighth Amendment deprivation."); *Walters v. Berks Cty. Prison*, Civ. A. No. 11-6357, 2012 WL 760849, at *1 (E.D. Pa. Mar. 9, 2012) (allegations that plaintiff had to sleep and eat next to a toilet while incarcerated at the Berks County Jail failed to state a claim); *Flores v. Wagner*, Civ. A. No. 11-1846, 2011 WL 2681596, at *5 (E.D. Pa. July 8, 2011) ("Requiring an inmate to eat in a cell a few feet away from a toilet is insufficient to implicate a conditions of confinement claim that is repugnant to contemporary standards of decency."); *Smith v. U.S. Penitentiary Lee*, Civ. A. No. 11-77, 2011 WL 767165, at *2 (W.D. Va. Feb. 25, 2011) (plaintiff failed to state claim based on allegations that he was required to eat meals in cell with toilet sometimes filled with excrement).

520 F.2d 392, 396 n.3 (2d Cir. 1975) ("The discomfort of eating in a cell is not, of itself, an unconstitutional hardship."); *Randall v. Cty. of Berks*, No. CV 14-5091, 2015 WL 5027542, at *15 (E.D. Pa. Aug. 24, 2015) ("[S]erving a pretrial detainee meals in a cell that can be eaten at his desk, even if the cell has a toilet, does not violate the Due Process Clause of the Fourteenth Amendment."); *Caldwell v. Cabarrus Cty. Jail*, No. 1:12CV586, 2012 WL 2366451, at *2 (M.D.N.C. June 21, 2012) ("[H]aving to eat in a cell with an unflushed toilet" does not violate the Constitution), *report and recommendation adopted*, No. 1:12CV586, 2013 WL 1344452 (M.D.N.C. Apr. 2, 2013); *Mestre v. Wagner*, Civ. A. No. 11-2191, 2012 WL 299652, at *4 & *4 n.4 (E.D. Pa. Feb. 1, 2012) ("[A]s other courts have held, we conclude that serving a pretrial detainee meals in a cell that has a toilet does not violate the Due Process Clause of the Fourteenth Amendment."); *Kinser v. Cty. of San Bernardino*, No. ED CV 11-0718-RGK, 2011 WL 4801899, at *4 (C.D. Cal. Aug. 25, 2011), (plaintiff's allegation that "she has been confined to her cell more than 22 hours a day and that she has had to eat all her meals in her cell in close proximity to her toilet" did not state a Fourteenth Amendment claim), *report and recommendation adopted*, No. CV 11-0718-RGK PJW, 2011 WL 4802850 (C.D. Cal. Oct. 11, 2011). Indeed, this particular practice at the Berks County Jail System has been held to conform to the Fourteenth Amendment as a legitimate means of managing overcrowding and maintaining security. *See Randall*, 2015 WL 5027542, at *15; *Mestre*, 2012 WL 299652, at *4. Accordingly, King's claims regarding eating in his cell with a toilet are subject to dismissal.

### D. Claims Regarding Drinking Water

Finally, King asserts that the drinking water at the Berks County Jail System is treated with chlorine, which has caused him to experience medical problems such as stomach pains, dry mouth, dizziness, headaches, and to develop white spots on his skin from showering. At this

6

time, however, King has not alleged a plausible claim regarding the drinking water, because, as discussed above, his generalized allegations against the Warden and Chief Deputy Warden are insufficient for imposing liability against them. Moreover, if King is asserting that he has not been provided adequate medical treatment for these ailments, he has not named any individuals who were responsible for denying him such care. Accordingly, while King has not stated a plausible claim about the drinking water at this time, the Court will give leave for him to file an amended complaint to clarify this claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant King leave to proceed *in forma pauperis* and dismiss his Complaint and Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give King an opportunity to file a second amended complaint in the event he can state a plausible claim for relief against an appropriate defendant or defendants. A separate Order follows.

BY THE COURT:

C. DARNELL JONES, II, J.